**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4277**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NYGERAH BERNARD TIMMONS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:06-cr-00361-2)

Submitted: August 20, 2009          Decided: August 31, 2009

Before KING and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

David L. Hitchens, LAW OFFICE OF DAVID L. HITCHENS, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nygerah Bernard Timmons appeals from the 111-month sentence imposed following his jury conviction on one count of conspiracy to possess with intent to distribute cocaine and cocaine base and one count of possession with the intent to distribute the same, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), 846 (2006) (Counts 1 and 2), one count of using or carrying a firearm in furtherance of a drug trafficking crime or aiding and abetting the same, in violation of 18 U.S.C. §§ 2, 924(c) (2006) (Count 3), and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006) (Count 5). Timmons's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning whether the evidence presented was sufficient to convict Timmons of the charged conspiracy. Timmons was advised of his right to file a pro se brief, but has not done so. Finding no error, we affirm.

We review a district court's denial of a Federal Rule of Criminal Procedure 29 motion for judgment of acquittal de novo. United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). "A defendant challenging the sufficiency of the evidence to support his conviction bears a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (internal

2

quotation marks and citation omitted).  A jury's verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it."  Glasser v. United States, 315 U.S. 60, 80 (1942).  Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt."  Alerre, 430 F.3d at 693 (internal quotation marks and citation omitted).  We "may not weigh the evidence or review the credibility of the witnesses [because] [t]hose functions are reserved for the jury."  United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997) (internal citation omitted).

To prove a conspiracy, the Government is required to show: "(1) an agreement between two or more persons to engage in conduct that violates a federal drug law, (2) the defendant's knowledge of the conspiracy, and (3) the defendant's knowing and voluntary participation in the conspiracy."  United States v. Kellam, 568 F.3d 125, 139 (4th Cir. 2009) (internal quotation marks and citation omitted).  "The existence of a tacit or mutual understanding is sufficient to establish a conspiratorial agreement, and the proof of an agreement need not be direct--it may be inferred from circumstantial evidence."  Id. (internal quotation marks and citation omitted).

At trial, the Government provided testimony from Detective Donna West, Officer James Almond, and a confidential informant ("CI") regarding the drug buy. The CI testified that he contacted Timmons to buy crack cocaine and Timmons told him he would make a phone call and get back to him. When Timmons called the CI confirming he could get the drugs, they set up a meeting. When the CI, Timmons, and another man arrived at the McDonald's, Timmons called his partner and the meeting location was changed. At the new location, a Hollywood Video parking lot, Timmons and the CI made multiple phone calls to Timmons's partner. Eventually, a man later identified as Devin Porter, the alleged co-conspirator, arrived in a white vehicle and got into the back seat of the CI's car. When officers approached the vehicle, they found Timmons and Porter in the back seat, three baggies of cocaine on the console between the front seats, a manila envelope on the back floorboard, and a handgun in the console. Porter later admitted that he was contacted to bring the cocaine to the meeting place.

We conclude that the evidence is sufficient, viewing it in the light most favorable to the Government, to establish a conspiracy between Porter and Timmons. Based on the testimony presented, a reasonable jury could infer that Timmons's phone calls were to Porter, considering that Porter admittedly arrived at the second designated meeting place with cocaine and cocaine

4

base after being contacted to do so.  Accordingly, when viewed in the light most favorable to the Government, we find that the jury's verdict was amply supported by sufficient evidence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Timmons's conviction and sentence.  This court requires that counsel inform Timmons, in writing, of his right to petition the Supreme Court of the United States for further review.  If Timmons requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Timmons.  We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED